## F. L. HUNTER v. THE STATE.

*No. 3662.    Decided October 28.*

1. **Indictment—Murder.**—An indictment charging murder need not allege the killing to have been "unlawfully" done. A murder alleged to have been committed upon "malice aforethought," or "express malice aforethought," necessarily charges an unlawful killing.

2. **Juror not Disqualified on Account of Previous Service as such Within the Period Limited by the Civil Statutes.**—Articles 310 and 312 of the Revised Statutes are not complements of articles 631 and 636 of the Code of Criminal Procedure. Subdivision 5 of article 310 of the Revised Civil Statutes, which disqualifies any one as a juror who has served as a juror for six days during the preceding six months, in the District Court, or during the preceding three months in the County Court, do not apply to jurors in criminal cases. Contradictory *obiter dicta* in Dunn's case, 7 Texas Court of Appeals, 600, noted with disapproval.

3. **Evidence—Opinion by Expert.**—On a trial for murder, a physician who has performed an operation upon deceased after he was shot may testify that death was the result of gunshot wounds and not of the operation.

4. **Charge of the Court—Circumstantial Evidence.**—Where there is positive testimony by eye-witnesses and by defendant himself that he (defendant) shot the deceased, a charge on circumstantial evidence would be both uncalled for and unwarranted.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

This was a conviction for murder in the second degree, under an indictment charging appellant with the killing of one Thomas R. Sorsby, by shooting him with a pistol.

It is unnecessary to give a detailed statement of the facts in the case, since the facts are not essential in elucidating the rulings of the court. We find, however, a very brief, succinct, and accurate statement of the case in appellant's brief, which is as follows, viz.: "The evidence showed that the defendant, with his wife, had attended the Sam Jones meeting in the city of Houston on said night (May 24, 1891); that at the meeting, and near to defendant and his wife, were the deceased and a Mrs. Rice, and one Mullagan and Mrs. Eugenia Stoner; that the parties all knew of each others' presence at the meeting. The evidence shows that threatening and demonstrating conduct was indulged in at the meeting, while it is conflicting as to whether the defendant or the deceased was guilty of the threatening conduct. That upon the meeting breaking up Mrs. Rice became very solicitous for the safety of Mrs. Stoner, and urged her escort (the deceased) to go on ahead and look after Mrs. Stoner, and that she would wait at the Tabernacle (Sam Jones'); that all the aforesaid parties wended their way from the Tabernacle down Travis Street; that deceased, being alone, passed defendant and his wife, and that at the corner of Rusk and Travis streets shooting began between deceased and defendant, there being a conflict as to

which of the parties made the assault, Mrs. Stoner and Mrs. Rice testifying that defendant shot first, though they admit that Sorsby in passing defendant laid his hand on him and admonished him not to interfere with "that lady." One or two of the other witnesses claimed that the shots were simultaneous and no perceptible difference in time between, while all the other witnesses say that the tall man, standing, made the first demonstration; the uncontradicted evidence showing that Sorsby was the taller and larger man.

*A. C. Allen* and *Gustave Cook*, for appellant, filed a printed brief containing the following propositions relied upon, together with authorities:

1. A juror who has served as much as six days in the District Court within six months immediately preceding is disqualified to sit as a juror upon the trial of a case for murder; and the challenge for cause to the juror T. J. Baker upon that ground should have been sustained by the court. When the juror T. J. Baker had answered that he had done six days service as a juror in the Criminal District Court of Harris County, Texas, within six months immediately preceding this trial, and had been challenged for cause by defendant, the court ordered said juror sworn, which was done, and he was ordered to take his seat in the jury box; whereupon the said juror asked the court if the jury service he had done preceding this trial did not excuse him from sitting in this case, when the court refused to rule further and ordered him to take his seat in the jury box, which he did, which action of the court in refusing to rule upon the question presented by the juror and in compelling him to take his seat and unwillingly to serve as a juror, the defendant here assigns as error. Rev. Stats., subdivision 5 of art. 3010; Loggins v. The State, 12 Texas Ct. App., 65.

2. An indictment for murder must charge the killing to be unlawful. Penal Code, art. 605.

3. Where one is wounded by a pistol shot, and his attending physicians perform a surgical operation upon him with the hope of relieving him, and he dies before the conclusion of the operation, which the physician testified produced a superadded shock, the opinion of the physician as to whether the original wound would have produced death is immaterial, irrelevant, and inadmissible over the objection of the defendant. State v. Scales, 5 Jones (N. C.), 420.

4. The fifth and sixth assignments of error complained of the charge of the court, in that it did not instruct upon reasonable apprehension of death or serious bodily harm, viewed from the standpoint of defendant, and because it failed to instruct the jury that defendant was not bound to retreat. Penal Code, art. 573; Gatlin v. The State, 5 Texas Ct. App., 531; Bell v. The State, 17 Texas Ct. App., 538; Arto v. The State, 19 Texas Ct. App., 126.

5. The court erred in failing to charge the law applicable to assault with intent to murder and aggravated assault and battery, the same being raised by the evidence. Benevides v. The State, 14 Texas Ct. App., 378; Gatlin v. The State, 5 Texas Ct. App., 531; Holden v. The State, 1 Texas Ct. App., 226; Hudson v. The State, 40 Texas, 15.

6. The court erred in not charging the law of circumstantial evidence. [No authorities cited on this proposition.—REPORTER.]

7. The court erred in failing to instruct the jury as to the law of manslaughter—the same being applicable to this case—the evidence being clear and undisputed that the parties were strangers to each other, had never met, and the encounter was brought about by the deceased advancing upon the defendant and making an unlawful assault. Reynolds v. The State, 14 Texas Ct. App., 427; Neyland v. The State, 13 Texas Ct. App., 536; Elam v. The State, 16 Texas Ct. App., 34.

8. The court erred in rendering judgment upon the verdict of the jury, the same not being sustained by any evidence sufficient to warrant a conviction of murder in any degree.

*Allen* and *Cook*, attorneys for appellant, also filed an able and elaborate argument on their motion for rehearing, after the opinion affirming the judgment had been announced. This argument was mainly devoted to the purpose of showing that the court had erred in its opinion in the construction given to the statutes relating to the supposed disqualification of the juror Baker, and complained that the court had failed to pass upon one or more of the errors assigned.

The motion for rehearing was overruled.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—An indictment charging murder need not allege the killing to have been "unlawfully" done. A murder alleged to have been committed upon "malice aforethought," or "express malice aforethought," necessarily charges an unlawful killing. Stephens v. The State, 20 Texas Ct. App., 255; Jackson v. The State, 25 Texas Ct. App., 314; Bean v. The State, 17 Texas Ct. App., 60; Hall v. The State, 28 Texas Ct. App., 146; Green v. The State, 27 Texas Ct. App., 244. The court did not err in overruling the motion to quash the indictment.

Baker had served as a juror in the Criminal District Court of Harris County for six days during its April term, 1891. This cause was tried in June following. Appellant challenged said juror because of such service. The objection was by the court overruled, and a bill of exceptions reserved to said ruling. The State having accepted and the appellant having declined to challenge the juror peremptorily, he

was sworn in the case.　The appellant exhausted his peremptory challenges.

Does subdivision 5 of article 3010 of the Revised Statutes apply in criminal causes and trials?　That provision of the civil statutes disqualifies any one as a juror who has "served as a juror for six days during the preceding six months in the District Court, or during the preceding three months in the County Court."　Looking at the provisions of the Code of Criminal Procedure, we find no such cause of challenge or disqualification of jurors, and none of kindred import.　The disqualifying clause above quoted is found alone in civil statutes.　By referring to article 636 of the Code of Criminal Procedure, it will be seen that one of the causes of challenge to jurors in criminal actions is based upon the fact that the juror entertains "conscientious scruples in regard to the infliction of the punishment of death for crime."　No kindred provision to this is to be found in the civil statutes.　In this respect it is evident that articles 3010 and 3012 of the Revised Statutes and articles 631 and 636 of the Code of Criminal Procedure are not complements of each other, and not so intended to be regarded by the Legislature.　An inspection of the provisions of the two codes will manifest other differences in this respect, but it is deemed unnecessary to notice them.

By virtue of the act of the Legislature of 1876 the grounds for challenge and of disqualification of jurors were blended in the general statute, and these disqualifications applied alike to civil and criminal causes, and it was so provided in the statute.　Acts 1876, pp. 78, 83, secs. 1, 26.　But under the revision of the laws of this State in 1879, the Legislature in its discretion and wisdom saw proper to change this rule and separate these causes of disqualification.　By reference to the civil statutes and the criminal procedure it will be seen that each of the disqualifications of jurors are distinctly and clearly enumerated.　Rev. Stats., arts. 3010, 3012; Code Crim. Proc., arts. 631, 636.　Some of these provisions in the civil are very similar to those contained in the criminal statutes, while some are very dissimilar, and could have no possible application to each other.　That the Legislature has the authority to provide similar or different qualifications for jurors in civil and criminal causes is beyond question, because it is so expressly provided by the Constitution.　Const. 1876, art. 16, sec. 19.　To sustain appellant's exceptions, as contained in his bill, it must be held that the disqualifications set out in the two codes are but complements of each other, and the provisions of the statutes cited apply to each other interchangeably.　Such a construction, to our minds, could not be successfully maintained, from the very nature of things.　If such was the intention of the Legislature, why did that body in the revision so radically change the law from what it was prior thereto?　It is evident that reasons for challenge to jurors exist incident to criminal causes that

could not and do not exist in connection with civil actions, and the same may be said *vice versa* as to civil causes.

Until 1879 these provisions relating to jurors, civil and criminal, were contained in one statute or act, and applied alike to both. Since that date said provisions have been separated and placed in different statutes and codes. If we look at the old law, the evils thereof, and the remedy applied thereto, we are forced to the conclusion that the legislative intent was to make these matters complete within themselves as applicable to each, and distinct, the one from the other, else that body was guilty of enacting some very useless and unnecessary legislation. We can not indulge this character of presumption, especially as it is evident that wisdom has marked the course of this work in this matter as now found upon our statutes. The very fact that the Legislature in enacting the revised codes, civil and criminal, provided specially the qualifications of jurors under each code, appropriately and separately, evinces very clearly that it was the intention of that body to make each independent of the other in so far as the details of said qualifications and causes of challenge are concerned. We are not discussing the exemptions from jury service, in this connection, that are enumerated in the civil statutes.

We are not unaware that there is an expression in Dunn's case, 7 Texas Court of Appeals, 600, that may have been regarded as somewhat antagonistic to the views herein expressed. It was *obiter dicta* in that case. In Thompson's case, 19 Texas Court of Appeals, 613, the court expressly states that the rule is one that is provided in the civil statutes, and quoting the rule from the civil statutes, remarked that the juror had only served four days, and was not disqualified even under that rule. But it is not said that that rule obtained in criminal causes.

The cases of Jacobs v. The State, 9 Texas Court of Appeals, 278, and Willis v. The State, Id., 297, relate to disqualification based on the fact that a juror sat upon the trial of the same case, or the trial of another case involving the same question of fact, and it was held that the provision under discussion in these two cases was applicable to both civil and criminal trials. This may be said to be correct, and is not antagonistic to the views expressed herein, because the same provision was found in both the civil and criminal statutes. Upon the question involved in the last two mentioned cases there is no conflict between the civil and criminal statutes. Rev. Stats., art. 3012; Code Crim. Proc., art. 636. We are of opinion that the court did not err in overruling appellant's challenge for the cause set out in the bill of exceptions.

Dr. Burroughs testified that in performing an operation upon the deceased he found six perforations in the bowels of the wounded man, made by the bullet in its passage through the stomach, and that death

was the result of the gunshot wounds and not of the operation. This was objected to, because it was the opinion of the witness, and irrelevant. The court correctly overruled this exception. Waite v. The State, 13 Texas Ct. App., 180; Lovelady v. The State, 14 Texas Ct. App., 559; Willson's Crim. Stats., sec. 2502.

Exceptions were taken to the charge, because the same does not sufficiently present the law of self-defense, and because the court failed to charge the law applicable to circumstantial evidence. We do not think either of these exceptions well taken.

The charge on self-defense was a direct and pertinent application of the law of that phase of the case to the facts in evidence, and there were no facts that called for a charge on circumstantial evidence. The shooting of deceased by appellant was witnessed by several, and testified to by the appellant himself.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Hurt, J., absent.